**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MELAAN CALLAWAY**, <br><br> Plaintiff, <br><br> v. <br><br> **UBER TECHNOLOGIES (GA), INC. and JOHN DOE (UBER'S DRIVER)**, <br><br> Defendants. | **CIVIL ACTION FILE NO.** <br><br> _____ |

**<u>DEFENDANT UBER TECHNOLOGIES (GA) INC.'S NOTICE BY SPECIAL APPEARANCE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446</u>**

COMES NOW Defendant Uber Technologies, Inc., authorized in Georgia as Uber Technologies (GA), Inc. ("Uber"), by and through undersigned counsel, and provides notice, by special appearance and without waiving any objections as to jurisdiction or other defenses, of removal of Case No. 2021CV02423 pending in the State Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Uber states as follows:

**I.     BACKGROUND**

On October 26, 2021, Plaintiff Melaan Callaway ("Plaintiff") filed a

Complaint against Uber and John Doe, an unidentified driver of the vehicle in which Plaintiff was a rider, in the State Court of Clayton County Georgia, Case No. 2021CV02423, (the "State Court Action").

Attached hereto and made a part hereof as Exhibits are:

- Exhibit A: Civil Case Filing Information Form;
- Exhibit B: Plaintiff's "Verified Complaint[1]";
- Exhibit C: Summons to Uber Technologies (GA), Inc.;
- Exhibit D: Affidavit of Service to Uber Technologies (GA), Inc.; and
- Exhibit E: State Court Notice of Filing Notice of Removal.

Such attachments, Exhibits A through E, constitute all of the pleadings of which Uber's counsel currently have possession that have been filed in the subject case in the State Court of Clayton County, Georgia.

Plaintiff served Uber with the Complaint on November 1, 2021 and filed an Affidavit of service on November 3, 2021. *See* Ex. D. Defendant John Doe has not been served with the Complaint.

Plaintiff alleges that on November 22, 2021, she was the victim of an assault and battery which occurred at 1400 Mt. Zion Rd. in Morrow, GA 30260. Ex. B ¶ 39.

---

[1] Although Plaintiff's Complaint is entitled "Verified Complaint," no affidavit or other verification was either attached to or filed alongside its pleading. Accordingly, the Complaint stands unverified, and Uber is not required to verify its Answer under O.C.G.A. § 9-10-111.

Based on this incident, Plaintiff alleges that John Doe and Uber are liable for her injuries. *Id.* ¶¶ 52, 54.

Plaintiff alleges causes of action for ordinary negligence, assault and battery and negligent infliction of emotional distress against John Doe and ordinary negligence, vicarious liability and deceptive practices against Uber. *See generally*, Plaintiff's Complaint.

Plaintiff seeks extensive damages for her claimed injuries, including both medical expenses and nonmonetary damages including mental and physical pain and suffering and loss of enjoyment of life. *Id.* ¶ 66. Plaintiff also seeks punitive damages against all Defendants. *Id.* at ¶¶ 110-111.

Uber hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity.

**II.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332**

Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides that the district court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." As shown below, (1) Plaintiffs' citizenship is diverse from both defendants and (2) the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

    **A.** **Complete Diversity Exists Among Plaintiff and All Defendants.**

    **1. Plaintiff Is a Georgia Citizen.**

In her Complaint, Plaintiff alleges that she is a resident of the State of Georgia. Ex. B. ¶ 1. For individuals, "citizenship is determined by domicile, and it is well established that '[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Cordell Funding, LLLP v. Jenkins*, 722 F. App'x 890, 894 n.2 (11th Cir. 2018) (quoting *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005) (internal quotations omitted)). When determining a person's domicile, courts accept the presumption "that the state in which a person resides at any given time is also that person's domicile." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280 (M.D. Ala. 1998). Relying on Plaintiff's allegation that she resides in Georgia, Defendant Uber alleges upon information and belief that Plaintiff is a citizen of Georgia for purposes of diversity jurisdiction.

    **2. Neither Uber Nor John Doe Are Citizens of Georgia.**

Uber may be deemed a citizen of California or Delaware, but not Georgia. Citizenship for a corporation is determined by the location of the company's state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business refers to the nerve center or place where a corporation

maintains its headquarters and officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Uber is incorporated in Delaware and has its principal place of business in California. Thus, Uber may be deemed a citizen of California and Delaware, but not Georgia.

The Complaint does not make any allegations as to whether or not John Doe is a Georgia resident. Ex. B ¶ 4. Although John Doe is not Uber's employee, Uber has made reasonable inquiry into John Doe's residency and found it to be Florida, not Georgia. In any event, John Doe has not been served and is not yet a party to this action for purposes of diversity jurisdiction.

Because neither Defendant is incorporated in, has its principal place of business in, or is domiciled in Georgia, complete diversity exists and the diversity requirement for removal is satisfied.

### B.  The Amount in Controversy Exceeds $75,000.00

The requirement that the amount in controversy exceed $75,000.00 to remove on diversity grounds is also met. Specifically, although Uber denies that Plaintiff is entitled to such a recovery, Plaintiff has provided documentation exhibiting a claim for special damages of approximately $50,000.00. Moreover, Plaintiff alleges that she has suffered conscious pain and suffering in the past and will suffer conscious pain and suffering in the future, past and future medical expenses, mental anguish

and severe physical injury, underwent additional medical procedures and has sustained other damages. Ex. B ¶ 52. These claims together demonstrate that Plaintiff values her claims above $75,000.00.

Given Plaintiff's own allegations and contentions, the amount in controversy in this case exceeds $75,000 and the statutory requirement is met. *See* 28 U.S.C. § 1446(c)(2).

### III.  COMPLIANCE WITH STATUTORY REQUIREMENTS

Uber has complied with all other statutory requirements for removal set forth in 28 U.S.C. § 1446. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders from the State Court Action are collectively attached hereto as Exhibits A through E. Upon information and belief, no other related process, pleadings, or orders, including the complaints, have been served upon Uber.

Uber was served on November 1, 2021. Therefore, pursuant to 28 U.S.C. § 1446(b)(3) and FED. R. CIV. P. 6(a), this Petition is filed within thirty (30) days after receipt by Uber, "through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In accordance with 28 U.S.C. § 1446(d), a copy of Defendant's Notice of

Filing of the Notice of Removal is being filed contemporaneously with the Clerk of the State Court of Clayton County in Georgia, a copy of which is attached hereto as Ex. G.

In accordance with 28 U.S.C. § 1446(d), Uber is also contemporaneously serving this Notice of Removal on Plaintiff.

Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district encompassing the county where the State Court Action is pending. Plaintiff filed this action in the State Court of Clayton County in Georgia (*see* Ex. A and B), which is located within the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 90(a)(2). Therefore, this action may be removed to this Court.

## IV.   RESERVATION OF RIGHTS

Uber denies the allegations contained in Plaintiff's Complaint, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court. Further, in making the allegations in this Notice of Removal, Uber does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

Uber also reserves the right to amend or supplement this Notice of Removal. In this regard, if any questions arise as to the propriety of the removal of the State Court Action, Uber expressly requests the opportunity to present a brief oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, Defendant Uber Technologies, Inc., authorized in Georgia as Uber Technologies (GA), Inc., removes this action from the State Court of Clayton County in Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division and requests that no further proceedings be had in the State Court Action in the State Court of Clayton County, Georgia.

Respectfully submitted, this 1st day of December, 2021.

HAWKINS PARNELL & YOUNG LLP

/s/ Jeffrey S. Adams
Kimberly D. Stevens
Georgia Bar No. 680747
Willie C. Ellis Jr.
Georgia Bar No. 246116
Jeffrey S. Adams
Georgia Bar No. 164671
*Counsel for Defendant Uber Technologies, Inc., authorized in Georgia as Uber Technologies (GA), Inc*.

303 Peachtree Street, N.E., Suite 4000
Atlanta, GA  30308-3243
Telephone: (404) 614-7400
Facsimile:  (404) 614-7500
Email(s): kstevens@hpylaw.com
          wellis@hpylaw.com
          jadams@hpylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MELAAN CALLAWAY**, <br><br> Plaintiff, <br><br> v. <br><br> **UBER TECHNOLOGIES (GA), INC. and JOHN DOE (UBER'S DRIVER)**, <br><br> Defendants. | **CIVIL ACTION FILE NO.** <br><br> _____ |

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, I filed **DEFENDANT UBER TECHNOLOGIES (GA), INC.'S NOTICE BY SPECIAL APPEARANCE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** and served a copy on counsel of record via U.S. Mail with adequate first-class postage thereon, addressed as follows:

A.D. Senior, Esq.
Joseph Roseme, Esq.
SENIOR COUNSEL, LLC
3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
*Attorneys for Plaintiff*

Respectfully submitted, this 1st day of December, 2021.

                                              **HAWKINS PARNELL & YOUNG LLP**

                                              */s/ Jeffrey S. Adams*

| | |
|---|---|
| | Kimberly D. Stevens |
| | Georgia Bar No. 680747 |
| 303 Peachtree Street, N.E., Suite 4000 | Willie C. Ellis Jr. |
| Atlanta, GA  30308-3243 | Georgia Bar No. 246116 |
| Telephone: (404) 614-7400 | Jeffrey S. Adams |
| Facsimile:  (404) 614-7500 | Georgia Bar No. 164671 |
| Email(s): kstevens@hpylaw.com | |
|           wellis@hpylaw.com | *Counsel for Defendant Uber Technologies, Inc., authorized in Georgia as Uber Technologies (GA), Inc.* |
|           jadams@hpylaw.com | |