# EXHIBIT A

2021CV02423

e-Filed 10/26/2021 2:33 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Quiyanna Thomas

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___CLAYTON___ County

**For Clerk Use Only**

Date Filed __10/26/2021__        Case Number __2021CV02423__
      MM-DD-YYYY

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CALLAWAY, MELAAN | | | | | UBER TECHNOLOGIES (GA), INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | DOE, JOHN (UBER'S DRIVER) | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Joseph Roseme__        **Bar Number** __980174__        **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
      Case Number                    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

2021CV02423

## General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one* type of case within those categories. Check the case type that most accurately describes the primary case. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide the type of post-judgment action, if applicable, by checking the appropriate box. Post-judgment cases are those that seek to enforce or modify an existing judgment. If the case is a post-judgment matter, an initial case type in the general civil and domestic relations boxes must be checked.
6. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

### Case Type Definitions

#### General Civil Cases

**Automobile Tort**: Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal**: Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contract**: Any case involving a dispute over an agreement between two or more parties.

**Garnishment**: Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort**: Any tort case that is not defined or is not attributable to one of the other torts.

**Habeas Corpus**: Any case designed to test the legality of the detention or imprisonment of an individual, not the question of guilt or innocence.

**Injunction/Mandamus/Other Writ**: Cases involving a written court order directed to a specific person, requiring that person to perform or refrain from performing a specific act.

**Landlord/Tenant**: Any case involving landlord/tenant disputes wherein the landlord removes a tenant and his/her property from the premises or places a lien on tenant property to repay debt.

**Medical Malpractice Tort**: Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort**: Any tort case that alleges injury is caused to a person by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property**: Any case involving disputes over the ownership, use, boundaries, or value of fixed land.

**Restraining Petition**: Any petition for a restraining order that does not result from a domestic altercation or is not between parties considered to be in a domestic relationship.

**Other General Civil**: Any case in which a plaintiff requests the enforcement or protection of a right or the redress or prevention of a wrong, but does not fit into one of the other defined case categories.

#### Domestic Relations Cases

**Adoption**: Cases involving a request for the establishment of a new, permanent relationship of parent and child between persons not so biologically related.

**Dissolution/Divorce/Separate Maintenance**: Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition**: Any case in which a protective order from a family member or domestic partner is requested.

**Paternity/Legitimation**: Cases involving the establishment of the identity and/or responsibilities of the father of a minor child or the determination of biological offspring.

**Support – IV-D**: Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required, under Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Support – Private (non-IV-D)**: Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by law, but who is not under the auspices of Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Other Domestic Relations**: Domestic relations cases, including name changes, that do not adequately fit into any of the other case types.

#### Post-Judgment

**Contempt**: Any case alleging failure to comply with a previously existing court order.

**Modification**: Any case seeking to change the terms of a previously existing court order.

**Other/Administrative**: Any case with post-judgment activity that does not fit into contempt or modification categories.

**Please note**: This form is for statistical purposes only. It shall have no legal effect in the case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form cannot be entered into evidence.

EXHIBIT B

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Quiyanna Thomas

### IN THE STATE COURT OF CLAYTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| MELAAN CALLAWAY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NUMBER |
| | : | 2021CV02423 |
| v. | : | |
| | : | |
| UBER TECHNOLOGIES(GA), INC. | : | **JURY TRIAL DEMANDED** |
| and | : | |
| JOHN DOE (UBER'S DRIVER), | : | |
| | : | |
| Defendants. | : | |

### VERIFIED COMPLAINT

**COMES NOW**, Plaintiff Melaan Callaway, by and through her attorneys, SENIORCOUNSEL, LLC, as and for a Complaint against Defendants Uber Technologies (GA), Inc. and John Doe (Uber's Driver) alleges that at all times hereinafter mentioned:

### NATURE OF THE ACTION

This is an action brought against Defendant, Uber Technologies Inc. (hereinafter referred to as "Uber") and Defendant, John Doe (Uber's Driver) (hereinafter referred to as "Uber's Driver") for the reckless, negligent and willful misconduct and conscious indifference of Defendants in the operation and ownership of their business and in connection with the physical assault on Plaintiff that occurred on November 22, 2019 (hereinafter sometimes referred to as "the Assault").

Uber is engaged in the business of connecting providing transportation services nationwide, including in Georgia. Uber heavily targets young women in its advertising with assurances of "safe" transportation, despite its history of lax screening for its hired transportation drivers. In fact, Uber did not have a uniformed policy on re-running criminal background checks

2021CV024231

until mid-2017.  Despite being on notice of the potential for additional incidents and attacks, Uber has not undertaken the appropriate steps to ensure passenger safety. Uber's lack of care and disregard for safety has led to thousands of women being assaulted and countless passengers being attacked.

Plaintiff relied on Uber's promise of safety and found herself the victim of an unprovoked, violent, and vicious physical assault from the hands of Uber's Driver.  Having failed to take reasonable steps to vet Uber's Driver before and after allowing him to drive for the company; Uber did nothing to ensure Plaintiff's safety prior to and after the event. As a result of Uber's failures and Uber's Driver's violent attack on Plaintiff, Plaintiff suffered and continues to suffer both physical and emotional trauma. Plaintiff is seeking all allowable damages allowed under Georgia Law.

## PARTIES, VENUE AND JURISDICTION

1. Plaintiff Melaan Callaway (hereinafter sometimes referred to as "Plaintiff") resides at 376 Bridgebrook Lane SW, Smyrna, GA 30082 and is a resident of the State of Georgia. Plaintiff voluntarily subjects herself to the jurisdiction and venue of this Court.

2. Defendant Uber is a Delaware corporation with its principle place of business in San Francisco, California. It is registered to and engages in business in the State of Georgia. Uber may be served through its registered agent CT Corporation System located at 289 S Culver St. Lawrenceville, GA 30046.

3. Defendant Uber's Driver is a male individual who was authorized to drive for Uber on the date of the subject incident, November 22, 2019.

4. Uber's Driver's identity is unknown to Plaintiff.

5. Uber knows the identity of Uber's Driver.

2

Copy from re:SearchGA

6.      Uber's Driver is subject to the jurisdiction and venue of this Court.

7.      This Court has subject matter jurisdiction over the claims asserted herein.

8.      This Court has personal jurisdiction over Uber.

9.      This Court has personal jurisdiction over Uber's Driver.

10.     Venue in the above styled civil action is proper in this County and Court because the incident occurred in Clayton County, Georgia.

## FACTUAL ALLEGATIONS

Paragraphs 1 through 10 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

## UBER

11.     Launched in San Francisco in 2010, Uber provides a downloadable smartphone application (the "App") connecting riders with drivers throughout the United States, including in Georgia.

12.     Uber controls all aspects of the drivers' monetary relationship with the customer – setting the fares drivers charge and collect and limiting the drivers' contact with a customer for rides outside of the App.

13.     Uber's primary source of revenue is a significant percentage of charges to passengers for rides taken.

14.     Its business model requires a large pool of drivers in order to provide rides to consumers quickly and efficiently.

15.     To accomplish this, Uber solicits and retains thousands of drivers.

16.     The application process to become an Uber driver is simple and fast.

Copy from re:SearchGA

17. The services provided by Uber and its drivers are promised to be safe, secure, and upscale.

18. Uber's failure to provide day-to-day supervision of its drivers directly correlates to its passengers being assaulted by its drivers.

19. Uber takes a hands-off approach when it comes to monitoring the safety of driver-passenger interaction.

20. Uber has no controls in place to ensure passenger safety.

21. Uber undertakes no safeguards to monitor drivers or ensure riders safely arrive at their destinations.

22. Uber failed to evaluate, monitor, or screen the drivers they allow to drive for them.

23. Uber does not require its drivers to utilize video monitoring devices to capture their rides.

24. Uber does not require its drivers to utilize audio monitoring devices to capture their rides.

25. Uber does not monitor when their drivers deviate from a rideshare route.

26. Uber does not have any direct line of communication for a passenger to notify Uber of an assault occurring.

27. Uber nonetheless affirmatively induces passengers, particularly young, unaccompanied, vulnerable women, to use its services with the false expectation of safety.

28. Uber targets customers via various campaigns which intentionally promote Uber as the safest transport service available.

Copy from re:SearchGA

29.     Uber markets and promotes its rideshares services as safe by partnering with organizations that are against drunk driving.

30.     Uber markets and promotes its rideshares services as safe throughout its website.

31.     Uber's advertisements often feature and depict female passengers entering and exiting vehicles, in an effort to promote a sense of safety when women are utilizing Uber's services.

32.     As of 2012, Uber was aware that its drivers were assaulting customers.

33.     As of 2012, Uber has been aware - via customer complaints and law enforcement investigations - of ongoing assaults by Uber drivers.

34.     As of 2020, Uber was aware that its drivers were assaulting customers.

35.     Uber first began offering educational videos to its drivers in September 2020.

36.     As of 2020, Uber has been aware - via customer complaints, law enforcement investigations, and its own Uber Safety Report - of ongoing assaults by Uber drivers.

37.     In December 2019, Uber reported nearly 6,000 reports of assaults during its rides in the United States in 2017 and 2018. About 92% of the victims were riders, and 89% were women or female-identifying individuals.

38.     Up until May 2018, Uber employed mandatory arbitration in an effort to hide the number of assault victims resulting from their rideshare services.

### THE ASSAULT AND BATTERY

Paragraphs 11 through 38 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

39.     The assault and battery complained of herein occurred at approximately 2:30 pm on November 22, 2021 at 1400 Mt. Zion Rd. Morrow, GA 30260, Morrow County, Georgia.

Copy from re:SearchGA

40.    Uber's Driver was the operator of a certain black Nissan motor vehicle with Vehicle License Plate Number: LHQR65/FL.

41.    At the aforesaid time and place Plaintiff Melaan Callaway was an Uber rideshare passenger located in the back seat of Uber's Driver's black Nissan Altima.

42.    Uber's Driver rented the black Nissan Altima through a cooperating joint Uber/Hertz program.

43.    Prior to the being attacked, Plaintiff Melaan Callaway implemented the Uber multi-stop feature on her Uber App in order to make an additional stop.

44.    Suddenly, and with no justification, the Uber driver began throwing Ms. Callaway's personal items out of the vehicle.

45.    Ms. Callaway exited the vehicle in fear of her safety.

46.    Ms. Callaway began to video the incident on her smart phone.

47.    Uber's Driver exited his vehicle.

48.    As Ms. Callaway was attempting to video Uber's Driver's license plate number, Uber's Driver grabbed her cell phone and repeatedly punched her in the head.

49.    As Ms. Callaway was attempting to record Uber's Driver destroying her personal property, Uber's Driver repeatedly punched her in the head and then fled the scene.

50.    As the assault and battery was occurring, Uber did not have any monitoring device in place in Uber's Driver's vehicle.

51.    As the assault and battery was occurring, Plaintiff did not have any ability to notify Uber of the attack.

52.    As a direct and proximate result of the breach of the applicable standard of care by Defendants, Plaintiff suffered conscious pain and suffering in the past and will suffer

Copy from re:SearchGA

conscious pain and suffering into the future; incurred medical expenses in the past and will incur future medical expenses; suffered mental anguish; suffered severe physical injury; was required to undergo additional medical procedures; and has sustained other damages.

53.     Plaintiff did not assume the risk of her injuries.

54.     All of the injuries and damages sustained by Plaintiff were the direct and proximate result of the negligent actions and breaches of the applicable standards of care by Defendants without any act or omission on the part of the Plaintiff directly thereunto contributing.

## FIRST CAUSE OF ACTION
## UBER IS LIABLE FOR THE ACTIONS OF UBER'S DRIVER

Paragraphs 39 through 54 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

55.     In Georgia an employer may be found liable for the negligence of a contractor, O.C.G.A. § 51-2-5.

56.     On November 22, 2019, Uber's Driver was an employee of Uber.

57.     On November 22, 2019, if Uber's Driver was not an employee of Uber, Uber's Driver was an independent contractor of Uber.

58.     Uber may be found liable for the negligence of Uber's Driver if Uber's Driver was Uber's employee.

59.     Uber may be found liable for the negligence of Uber's Driver if Uber's Driver was an independent contractor for Uber.

60.     Uber has an ongoing non-delegable duty to ensure the safety of riders using its transportation services.

Copy from re:SearchGA

61.     On November 22, 2019, Uber had a non-delegable duty to ensure Plaintiff's safety, as she was a passenger utilizing Uber's ride-share services.

62.     Uber entrusted this non-delegable duty to ensure safety to Uber's Driver.

63.     Uber's Driver violated this non-delegable duty to ensure Plaintiff's safety.

64.     As a direct and proximate result of Uber and Uber's Driver's actions and failures, Plaintiff suffered and will continue to suffer from significant physical, mental and emotional pain, past and future medical expenses, past and future lost wages, and other general and special damages allowable by law.

65.     Uber is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

66.     Uber's Driver is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

## SECOND CAUSE OF ACTION
## ORDINARY NEGLIGENCE

Paragraphs 55 through 66 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

67.     Uber has an ongoing non-delegable duty to ensure the safety of riders using its transportation services.

68.     On November 22, 2019, Uber had a non-delegable duty to ensure the safety of Plaintiff.

69.     On November 22, 2019, Uber's Driver had a non-delegable duty to ensure the safety of Plaintiff.

Copy from re:SearchGA

70.    On November 22, 2019, Uber's Driver committed assault and battery on Plaintiff. More specifically, Uber's Driver punched Plaintiff repeatedly leading to injuries.

71.    Plaintiff sustained severe personal injury and damages, and conscious pain and suffering.

72.    Uber failed to take reasonable steps to ensure the safety of riders by (i) failing to adequately screen its drivers; (ii) failing to employ any system to monitor its drivers while transporting passengers; (iii) failing to provide notification services to riders; and (iv) by concealing and affirmatively misrepresenting the danger - especially to female riders - of its service.

73.    As a direct and proximate result of Uber and Uber's Driver's actions and failures, Plaintiff suffered and will continue to suffer from significant physical, mental and emotional pain, past and future medical expenses, past and future lost wages, and other general and special damages allowable by law.

74.    Uber is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

75.    Uber's Driver is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

## THIRD CAUSE OF ACTION
## ASSAULT AND BATTERY - O.C.G.A. § 51-1-13

Paragraphs 67 through 75 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

Copy from re:SearchGA

2021CV02421

76.     Uber has an ongoing non-delegable duty to ensure the safety of riders using its transportation services.

77.     On November 22, 2019, Uber had a non-delegable duty to ensure the safety of Plaintiff.

78.     On November 22, 2019, Uber's Driver had a non-delegable duty to ensure the safety of Plaintiff.

79.     On November 22, 2019, Uber's Driver committed assault and battery on Plaintiff. More specifically, Uber's Driver punched Plaintiff repeatedly leading to injuries.

80.     Plaintiff sustained severe personal injury and damages, and conscious pain and suffering.

81.     Uber failed to take reasonable steps to ensure the safety of riders by (i) failing to adequately screen its drivers; (ii) failing to employ any system to monitor its drivers while transporting passengers; (iii) failing to provide notification services to riders; and (iv) by concealing and affirmatively misrepresenting the danger - especially to female riders - of its service.

82.     As a direct and proximate result of Uber and Uber's Driver's actions and failures, Plaintiff suffered and will continue to suffer from significant physical, mental and emotional pain, past and future medical expenses, past and future lost wages, and other general and special damages allowable by law.

83.     Uber is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

10

Copy from re:SearchGA

84.     Uber's Driver is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

### FOURTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Paragraphs 76 through 84 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

85.     The current Georgia impact rule has three elements:

a.      (1) a physical impact to the plaintiff;

b.      (2) the physical impact causes physical injury to the plaintiff; and

c.      (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress.

86.     Uber has an ongoing non-delegable duty to ensure the safety of riders using its transportation services.

87.     On November 22, 2019, Uber had a non-delegable duty to ensure the safety of Plaintiff.

88.     On November 22, 2019, Uber's Driver had a non-delegable duty to ensure the safety of Plaintiff.

89.     On November 22, 2019, Uber's Driver committed assault and battery on Plaintiff. More specifically, Uber's Driver punched Plaintiff repeatedly leading to injuries.

90.     Plaintiff sustained severe personal injury and damages, and conscious pain and suffering.

91.     Plaintiff suffered and continues to suffer severe emotional distress.

Copy from re:SearchGA

92.     Uber is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

93.     Uber's Driver is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

## FIFTH CAUSE OF ACTION
## DECEPTIVE PRACTICES – O.C.G.A. § 10-1-372

Paragraphs 85 through 93 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

94.     Uber has an ongoing non-delegable duty to ensure the safety of riders using its transportation services.

95.     On November 22, 2019, Uber had a non-delegable duty to ensure the safety of Plaintiff.

96.     On November 22, 2019, Uber's Driver had a non-delegable duty to ensure the safety of Plaintiff.

97.     Uber made repeated material misrepresentation to riders generally and Plaintiff specifically regarding the safety of its services.

98.     Uber's misrepresentations were consumer-oriented.

99.     Uber's misrepresentations were willfully and knowingly made.

100.    Plaintiff suffered and continues to suffer harm as a result of Uber's deception.

101.    Uber failed to take reasonable steps to ensure the safety of riders by (i) failing to adequately screen its drivers; (ii) failing to employ any system to monitor its drivers while transporting passengers; (iii) failing to provide notification services to riders; and (iv) by

Copy from re:SearchGA

concealing and affirmatively misrepresenting the danger—especially to female riders—of its service.

102.   Uber is liable for the injuries and damages Plaintiff suffered, including past and future physical, mental and emotional pain, loss of enjoyment of life, past and future medical expenses and other general and special damages allowable by law.

## ATTORNEY'S FEES

Paragraphs 93 through 102 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

103.   Uber has acted in bad faith, has been stubbornly litigious, has caused Plaintiff unnecessary trouble and expense and, as such, Plaintiff is entitled to recover the expenses of litigation and attorney's fees incurred in the prosecution of this action pursuant to O.C.G.A. § 13-6-11.

104.   Uber's Driver has acted in bad faith, has been stubbornly litigious, has caused Plaintiff unnecessary trouble and expense and, as such, Plaintiff is entitled to recover the expenses of litigation and attorney's fees incurred in the prosecution of this action pursuant to O.C.G.A. § 13-6-11.

## PUNITIVE DAMAGES PURSUANT TO BODILY INJURY CLAIMS

Paragraphs 103 through 104 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

105.   Uber's Driver committed assault and battery on Plaintiff on November 22, 2019.

106.   Uber is liable for Uber's Driver's conduct on November 22, 2019.

107.   Plaintiff suffered personal injuries and property damage as a result of the assault.

Copy from re:SearchGA

108.    Following the assault on Plaintiff, Uber's Driver willfully, maliciously, wantonly, and indifferently fled the scene of the assault in violation of Georgia Law.

109.    Pursuant to O.C.G.A. § 51-12-5.1 punitive damages are recoverable where actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequence.

110.    The acts, conduct, and omissions of Uber's Driver showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences, resulting in Plaintiffs' claim for punitive damages for personal injuries and property damage.

111.    The acts, conduct, and omissions of Uber showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences, resulting in Plaintiffs' claim for punitive damages for personal injuries and property damage.

WHEREFORE, Plaintiff prays for the following relief:

a)    That Plaintiff recovers the full value of past and future medical expenses in an amount proven at trial;

b)    That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

c)    That Plaintiff recovers Punitive damages in an amount to be determined by the enlightened conscience of the jury;

d)    That process be issued as to Defendant Uber Technologies, Inc.;

e)    That process be issued as to Defendant John Doe Uber's Driver;

f)    That Plaintiff has a trial by jury on all issues;

Copy from re:SearchGA

g)      That judgment be entered in favor of Plaintiff against Defendants for punitive,

special, compensatory, and all other permissible damages allowed under Georgia law;

h)      For such other and further relief as the Court shall deem just and appropriate.


Respectfully submitted, this ~~15th~~ 26th day of October 2021.


                                        **SENIORCOUNSEL, LLC**

                                        /s/ A.D. Senior
                                        A.D. Senior, Esq.
                                        Georgia Bar No. 371080
                                        Joseph Roseme, Esq.
                                        Georgia Bar No. 980174
                                        *Attorneys for Plaintiff*

3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
T       (404) 590-0115
F       (404) 581-5278
asenior@seniorcounsel.legal
jroseme@seniorcounsel.legal


                                        15

Copy from re:SearchGA

EXHIBIT C

2021CV02423

e-Filed 10/26/2021 2:33 PM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Quiyanna Thomas

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

MELAAN CALLAWAY

Plaintiff

Vs.

UBER TECHNOLOGIES (GA), INC.

and

JOHN DOE (UBER'S DRIVER)

Defendant

2021CV02423

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Joseph Roseme, Esq.

Senior Counsel, LLC

3330 Cumberland Blvd., Ste 500

Atlanta, Georgia 30339

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: Quiyanna Thomas

Deputy Clerk

EXHIBIT D

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Latasha Currie**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

MELAAN CALLAWAY,                      )
                                      )
      Plaintiff                      )
                                      )
VS.                                   )         CIVIL ACTION
                                      )         FILE NO. 2021CV02423
UBER TECHNOLOGIES(GA), INC.,          )
and JOHN DOE (UBER'S DRIVER)          )
                                      )
      Defendants                     )

## AFFIDAVIT OF SERVICE

PERSONALLY APPEARED before me, the undersigned officer of the State of Georgia authorized to administer oaths, NANCY M. THRASH, who, upon being duly sworn and under oath states the following:

1.

I am over the age of eighteen years, am legally competent and able to make this affidavit and have never been convicted of a felony, which is based upon my own personal knowledge. I make this affidavit for use in the above-captioned action and for all legal purposes. I have been specially appointed by this Honorable Court to serve civil process, do not know the parties, and have no interest in the outcome.

2.

ON NOVEMBER 1, 2021, AT 12:45 P.M., I personally served UBER TECHNOLOGIES(GA), INC., by and through its registered agent, CT CORPORATION, 289 S. Culver Street, Lawrenceville, Georgia, BY HAND DELIVERY TO LINDA BANKS, SR. PROCESS SPECIALIST, with a true and correct service copy of a

Copy from re:SearchGA

2021CV02421

SUMMONS, VERIFIED COMPLAINT and CIVIL CASE INITIATION FORM in the above styled action.

Further, affiant sayeth not this _____ 2 _____ day of _____ Nov. _____, 2021.

_____

NANCY M. THRASH

Sworn to and subscribed before me this
_____ 2 day of _____ Nov _____, 2021.

_____
Notary Public

EXHIBIT E

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

MELAAN CALLAWAY,

   Plaintiff,

v.

UBER TECHNOLOGIES(GA), INC.
and
JOHN DOE (UBER'S DRIVER) *[sic]*,

   Defendants.

CIVIL ACTION

FILE NO.  2021CV02423

**<u>NOTICE BY SPECIAL APPEARANCE OF FILING OF NOTICE OF REMOVAL</u>**

To: CLERK, STATE COURT FOR THE COUNTY OF CLAYTON

   PLAINTIFF'S ATTORNEY OF RECORD

   PLEASE TAKE NOTICE that a Notice of Removal of the above-entitled action from the

State Court for the County of Clayton, State of Georgia, to the United States District Court for the

Northern District of Georgia Atlanta Division (a copy of which is attached hereto as Exhibit A and

which is incorporated herein by reference) was duly filed on December 1, 2021 in the United States

District Court for the Northern District of Georgia Atlanta Division.

   By virtue of law, the aforesaid case is now removed, and this Court shall proceed no further

unless and until this case is remanded. 28 U.S.C. § 1446(d).

DATED this 1st day of December, 2021.

**HAWKINS PARNELL & YOUNG** LLP

*/s/ Jeffrey S. Adams*

303 Peachtree Street, N.E., Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
kstevens@hpylaw.com
wellis@hpylaw.com
jadams@hpylaw.com

Kimberly D. Stevens
Georgia Bar No. 680747
Willie C. Ellis, Jr.
Georgia Bar No. 246116
Jeffrey S. Adams
Georgia Bar No. 164671

*Counsel for Defendant Uber Technologies, Inc., authorized in Georgia as Uber Technologies (GA), Inc.*

**Rule 36.4 Statement:** This signature is affixed to Notice of Filing of Notice of Removal in the matter of *MELAAN CALLAWAY v. UBER TECHNOLOGIES (GA), INC. et al.*, in the State Court of Clayton County, State of Georgia; CAFN 2021CV02423.

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

MELAAN CALLAWAY,

      Plaintiff,

v.                                                                    CIVIL ACTION

UBER TECHNOLOGIES(GA), INC.                          FILE NO.  2021CV02423
and
JOHN DOE (UBER'S DRIVER) *[sic]*,

      Defendants.

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **NOTICE BY SPECIAL APPEARANCE OF FILING OF NOTICE OF REMOVAL** via Odyssey E-File & Serve, addressed as follows:

A.D. Senior, Esq.
Joseph Roseme, Esq.
SENIOR COUNSEL, LLC
3330 Cumberland Boulevard, Suite 500
Atlanta, Georgia 30339
*Attorneys for Plaintiff*

      DATED this 1st day of December, 2021.


                              **HAWKINS PARNELL & YOUNG** LLP

303 Peachtree Street, N.E., Suite 4000      */s/ Jeffrey S. Adams*
Atlanta, GA  30308-3243               Jeffrey S. Adams
(404) 614-7400 (telephone)          Georgia Bar No. 164671
(404) 614-7500 (facsimile)
jadams@hpylaw.com                 *Counsel for Defendant Uber Technologies, Inc., authorized in Georgia as Uber Technologies (GA), Inc.*

3