IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELAAN CALLAWAY,<br>    Plaintiff,<br><br>              v.<br><br>UBER TECHNOLOGIES (GA), INC. and<br>JOHN DOE (UBER'S DRIVER),<br>    Defendants. | Civil Action No.<br>1:21-cv-04930-SDG |

**OPINION AND ORDER**

This matter is before the Court on the motion of Defendant Uber Technologies (GA), Inc. to dismiss or alternatively to compel arbitration [ECF 8] and Plaintiff Melaan Callaway's motion to remand [ECF 9]. Because the existence of federal jurisdiction is unclear, the motions are **DENIED without prejudice**. Instead, the parties will be permitted to conduct limited jurisdictional discovery.

**I.   Background**

Plaintiff alleges that she was attacked by an unknown male who was authorized to drive for Uber. Among other things, Plaintiff contends that the driver repeatedly punched Plaintiff in the head, which caused her severe injuries.[1] She filed suit in the State Court of Clayton County, Georgia on October 26, 2021,

---

1   ECF 1-1, at ¶¶ 45–49, 80.

against both Uber and the unknown male under the pseudonym John Doe.[2] Uber removed the case to this Court on December 1, 2021, based on diversity jurisdiction.[3] It moved to dismiss or to compel arbitration on January 21, 2022.[4] On March 1, Plaintiff moved to remand, arguing that Uber failed to establish diversity jurisdiction with respect to herself and John Doe.[5]

## II.   Discussion

Before the Court may consider the pending motions, it must first determine whether it has subject matter jurisdiction. When a case has been removed, the Court "must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[2]   *See generally* ECF 1-1.

[3]   ECF 1.

[4]   ECF 8.

[5]   ECF 9.

### A. Amount in Controversy

The party seeking to invoke federal diversity jurisdiction must show by a preponderance of the evidence that the claim meets the threshold jurisdictional amount of $75,000. *Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)). The Court may also

> "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case . . . establishes the jurisdictional amount." Courts are not limited to a "plaintiff's representations regarding its claim . . . [and] may use their judicial experience and common sense."

*Id.* at 917 (omissions and alteration in original) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)).

The Notice of Removal asserts that the $75,000 amount in controversy has been met because Plaintiff alleges that she "suffered conscious pain and suffering in the past and will suffer conscious pain and suffering in the future, past and future medical expenses, mental anguish and severe physical injury, underwent additional medical procedures and has sustained other damages."[6] Uber also asserts that Plaintiff has provided evidence supporting a claim for $50,000 in

---

6   ECF 1, at 5–6.

special damages.[7] She also seeks to recover for past and future lost wages, bad-faith attorneys' fees, and punitive damages.[8] The Court finds this sufficient to support the amount in controversy. However, the existence of complete diversity is in question.

### B. Complete Diversity

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Thus, "*each* defendant [must be] a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). *See also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) (same), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Therefore, the Court must determine whether Plaintiff is diverse in citizenship from each Defendant.

### 1. Plaintiff's citizenship

The Notice of Removal asserts that Plaintiff is a citizen of the State of Georgia because the Complaint alleges that she is a resident of Georgia.[9] This is

---

7   ECF 1, at 5–6.

8   ECF 1-1, ¶¶ 82–84, 103–111.

9   ECF 1, at 4.

insufficient. Allegations of an individual's residence do not enable the Court to determine an individual's *citizenship*. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[T]he allegations in [Plaintiff's] complaint about her citizenship are fatally defective. Residence alone is not enough."); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). Citizenship is equivalent to domicile, which is a party's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). Thus, in order to evaluate the existence of diversity jurisdiction, the Court must know where Plaintiff's citizenship lies.

Although the burden of establishing jurisdiction ultimately rests with Uber, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (removing party "bears the burden of proving that federal jurisdiction exists"), Plaintiff's citizenship is particularly within her own possession. The Court will accordingly direct Plaintiff to provide notice of her place of citizenship.

### 2.     Defendants' Citizenship

Plaintiff has brought suit against both Uber and John Doe, the driver who allegedly attacked her while riding in his car. The Complaint alleges that Uber is a Delaware corporation with its principal place of business in California.[10] It is therefore a citizen of those states for diversity purposes. 28 U.S.C. § 1332(c)(1). The citizenship of the John Doe Uber driver is, however, a different matter.

As an initial matter, the Notice of Removal states that "Uber has made reasonable inquiry into John Doe's residency and found it to be Florida."[11] As indicated above, this is insufficient to show that Doe is a citizen of Florida. If he is added to the case as a named Defendant and is a citizen of Georgia, his presence in the action would destroy diversity jurisdiction. *Palmer*, 22 F.3d at 1564. Doe has not yet been served because Plaintiff does not know his identity,[12] but she contends that Uber does.[13]

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports*

---

[10]   ECF 1-1, ¶ 2.

[11]   ECF 1, at 5.

[12]   ECF 1-1, ¶ 4.

[13]   *Id.* ¶ 5.

*& Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). However, there is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be, 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Plaintiff has satisfied that exception here. The Complaint alleges the exact date, time, and location where Doe allegedly assaulted Plaintiff. The make, model, and license plate number of the car Doe was driving (and in which Plaintiff was riding) have been alleged.[14] Plaintiff's allegations were sufficient to allow Uber to identify Doe and determine his place of residence.[15] While it appears that Uber has been able to identify the individual, he is still named as John Doe, making him a fictitious party at the time this action was removed from state court.

A fictitious party's citizenship is disregarded for purposes of determining whether diversity jurisdiction exists at the time of removal. Section 1441(b)(1) states that, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded." *See Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) ("[T]he district court rightly 'disregarded' the

---

[14] ECF 1-1, ¶¶ 39–41.

[15] ECF 1, at 5.

citizenship of the fictitiously named defendants when it assessed its jurisdiction 'at the time of removal.' For removal purposes, the law does not care whether the named defendants knew the citizenship and true names of the fictitiously named defendants."). Thus, assuming Plaintiff is a citizen of Georgia, this Court currently has jurisdiction over this case and remand is not proper.

However, the Court "should inquire into whether it has [subject-matter] jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 409–10 (citation omitted). The Eleventh Circuit has said that a district court's "first" task in a removal case is to "determine whether it has original jurisdiction over the plaintiff's claims." *Id*. This means that a district court confronted with a factual challenge to its jurisdiction cannot ignore a genuine factual dispute simply because it arises at the pleading stage. Rather, it has an "obligation at any time to inquire into jurisdiction," *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985), including resolving any factual disputes which go to its power to adjudicate the matter. *Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017). The parties can resolve factual disputes through jurisdictional discovery.

"The right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute." *Wolf v. Celebrity Cruises, Inc.*, 683

F. App'x 786, 792 (11th Cir. 2017) (internal citation omitted). Courts can allow limited jurisdictional discovery where there is a finding of good cause. One circumstance that warrants good cause is "establish[ing] a defendant's domicile or other information relevant to a court's ability to exercise personal or subject-matter jurisdiction." *Sheridan v. Oak Street Mortgage, LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007); *Moldflow Corp. v. Simcon, Inc.*, 296 F. Supp. 2d 34, 37 (D. Mass. 2003); *Mullane v. Almon*, 339 F.R.D. 659, 665–66 (N.D. Fla. 2021). In fact, parties have a "'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery." *Am. C.L. Union of Fla., Inc.*, 859 F.3d at 1341 (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982)). Because the identity and citizenship of John Doe is ascertainable and he has the potential to destroy subject matter jurisdiction, the Court finds there is good cause to allow the parties limited jurisdictional discovery for the purpose of making these determinations before ruling on the parties' motions.

**III.   Conclusion**

Defendant Uber Technologies (GA) Inc.'s motion to dismiss or alternatively to compel arbitration [ECF 8] and Plaintiff Melaan Callaway's motion to remand [ECF 9] are **DENIED without prejudice**. The parties shall conduct limited jurisdictional discovery for a period of 60 days from the date of this Order. Within

seven days after the conclusion of this limited discovery period, the parties shall inform the Court whether (1) the identified Uber driver will be substituted for the John Doe Defendant and (2) the citizenship of the identified Uber driver. Also within seven days after the conclusion of the limited discovery period, the parties may renew their respective motions if appropriate.

**SO ORDERED** this 29th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge