IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELAAN CALLAWAY,
    Plaintiff,

v.

UBER TECHNOLOGIES (GA), INC. and JOHN DOE (UBER'S DRIVER),
    Defendants.

Civil Action No.
1:21-cv-04930-SDG

**OPINION AND ORDER**

This matter is before the Court on the renewed motion of Defendant Uber Technologies (GA), Inc. to compel arbitration [ECF 26] and Plaintiff Melaan Callaway's motion to substitute a party defendant [ECF 27]. Because the parties have not demonstrated that this Court has subject matter jurisdiction, it cannot rule on the motions and the action must be remanded.

**I.  Background**

Callaway's Complaint alleges that she was attacked by an unknown male who was authorized to drive for Uber. Among other things, she asserts that the driver repeatedly punched her in the head, causing her severe injuries.[1] She filed suit in Clayton County State Court against both Uber and the then-unnamed

---

1   ECF 1-1, at ¶¶ 45–49, 80.

driver.[2] Uber removed and then moved to dismiss or to compel arbitration.[3] Callaway moved to remand.[4] Because the existence of diversity jurisdiction was unclear, on September 29, 2022, the Court directed the parties to conduct limited jurisdictional discovery.[5] Uber now renews its motion to compel arbitration.[6] Callaway does not oppose Uber's motion but seeks to substitute Roy Rupert Gayle Jr. for the John Doe Defendant.[7] Since the parties still have not shown that this Court has subject matter jurisdiction, it lacks the ability to rule on either motion.

## II. Discussion

"[Federal courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006). As indicated in the Court's September 29 Order, Callaway and Uber are of diverse citizenship.[8] Neither Gayle

---

[2] *See generally* ECF 1-1.

[3] ECF 1; ECF 8.

[4] ECF 9.

[5] ECF 13.

[6] ECF 26.

Callaway did not file the actual response to Uber's motion on the docket, filing only the certificate of service. ECF 28. A copy of the response brief is attached as an exhibit to Uber's reply in support of its motion. ECF 29, at 6–9.

[7] ECF 27.

[8] ECF 13, at 6–9.

nor his citizenship had been identified at that point. The Court therefore ruled that "[b]ecause the identity and citizenship of John Doe is ascertainable and he has the potential to destroy subject matter jurisdiction, the Court finds there is good cause to allow the parties limited jurisdictional discovery for the purpose of making these determinations before ruling on the parties' motions."[9] Despite this directive, neither party has come forward with evidence of Gayle's citizenship or the existence of complete diversity.

As the removing party, Uber initially bore the "burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). But in seeking to substitute Gayle for the John Doe Defendant, Callaway failed to show whether Gayle's joinder would destroy diversity. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). In urging the Court to make the substitution, Callaway states only that she and Uber "agree that at this time, based upon information known, the joinder of [Gayle] will

---

[9] *Id.* at 9.

not destroy diversity."[10] That is not enough—particularly in light of the fact that the parties had the opportunity to take jurisdictional discovery. Parties cannot consent to federal court jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . .") (citations omitted). Both sides therefore had some obligation to demonstrate jurisdiction. They have not.

## III. Conclusion

Because the parties have not established that this Court has jurisdiction, the Clerk is **DIRECTED** to remand this action to the State Court of Clayton County, Georgia. Uber's renewed motion to dismiss or alternatively to compel arbitration [ECF 26] and Callaway's motion to substitute [ECF 27] remain pending.

**SO ORDERED** this 11th day of September, 2023.

Steven D. Grimberg
United States District Court Judge

---

[10] ECF 27, at 4. In contrast, in her response to Uber's motion to compel arbitration, Callaway states that she "believes that further discovery would reveal that Gayle lives and operates out of the state of Georgia (especially given that he is conducting Uber rides in the State)." ECF 29, at 7.